(44 South. 190.)

No. 16,485.

## Succession of HOUGH.

(June 17, 1907.)

EXECUTORS AND ADMINISTRATORS—OMITTED ASSETS—INVENTORY.

Plaintiffs, the legal heirs and universal legatees of Jennie Hough, claimed that her testamentary executor had received from her, to be invested for her, over $3,000, which he had not accounted for; that he had failed to place any part of the same on the inventory; that he had purchased some real estate in his own name with part of the funds which properly belonged to the succession and should be inventoried.

Plaintiffs had on them the onus of showing that defendant had received the whole amount, or some specific portion of it, in which event the latter would have been called on to account for it. They failed to establish their allegations, and judgment was rendered in favor of defendant. On appeal that judgment is affirmed.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Léche, Judge.

In the matter of the succession of Jennie Hough. On accounting, judgment in favor of James Howard, sole debtor, and Lavinia Lewis, and others, opponents appeal. Affirmed.

William Elias Howell and Marks & Wortham, for appellants. Beattie & Beattie, for appellee.

NICHOLLS, J. Jennie Hough died in the parish of Assumption in October, 1895, leaving a last will and testament, under which she named James Howard as her sole executor without bond and with full seisin of her estate. The succession was not opened until 1904, when Howard applied for the probate of the will and for letters. The will was probated and ordered to be executed, and James Howard was recognized and confirmed as testamentary executor of the will by judgment of the court on the 11th of June, 1904. The court simultaneously ordered that an inventory with appraisement be made of the property of the succession. An inventory was accordingly made on the same day. The property inventoried consisted of a small tract, together with the buildings and improvements thereon, which was appraised at the sum of $750. Letters of executorship issued to Howard on the 9th of July, 1904. On the 9th of November, 1904, Lavinia Lewis, wife of Paul Harris, and Ginsey Lewis, wife of Ned Hill, filed in the district court a petition, in which they averred that their brother, Washington Lewis, Jr., died shortly after their said grandmother. That Washington Lewis left no ascendants nor descendants, and they were his sole heirs at law. That they, with said Washington Lewis, Jr., were made by the last will and testament of Jennie Hough her universal legatees. That petitioners were then owners of all the rights, title, and interest of said Washington Lewis, Jr., in said succession of Jennie Hough. That Jennie Hough had been dead more than nine years, and James Howard, who had qualified as testamentary executor herein, had waited all that time before having the will of said Jennie Hough executed and qualifying as executor.

That the inventory which the said executor had caused to be made by Abner A. Folse, notary public, of date June 7, 1904, was incomplete, in that it takes no account of the sum of $3,050.53, with the interest thereon, which said Howard had received from Jennie Hough shortly before her death, to be by him invested for her and accounted for by him to her and her heirs; the said Howard being at that time the confidential agent and adviser of Jennie Hough. That neither of petitioners, although heirs mentioned in the will, were notified to be present at the taking of said inventory, as required by article 1667 of the Revised Civil Code of this state. That Howard had never accounted to Jennie Hough, nor to her heirs, for any of the

money thus received by him. That it has been his purpose, as shown by his great delay, as aforesaid, and by the fraudulent and incomplete inventory taken, as aforesaid, to defraud petitioners out of their just rights. That said executor has not deposited any of said funds in bank in his official name, as required by article 1150, Rev. Civ. Code. That on January 25, 1893, by public act before Henry N. Coulon, notary public in and for the parish of Lafourche, said James Howard bought from one Simon Abraham the following described property: A certain tract of land situated in the parish of Assumption, in this state, on the right bank of Bayou Lafourche, being a part and parcel of the plantation known as "Melrose Plantation," then belonging to said Simon Abraham, and which said tract measures 1 arpent front on said bayou, by a depth between parallel lines of 5 arpents, bounded at that date above by land acquired the same day, by Mrs. Jennie Taylor, below and in the rear by other lands of the Melrose plantation, containing 5¼ arpents in superficies; the depth of the said tract to be reckoned from the foot of the levee as it existed at that date.

That on February 23, 1897, by public act before Thomas A. Badeaux, notary public in and for the parish of Lafourche, said James Howard bought from Thomas Beary the following described property, to wit: A certain tract of land, together with all the buildings and improvements thereon, and all the rights and privileges thereto appertaining, situated in the parish of Lafourche, on the right bank of Bayou Lafourche, at about four miles above the town of Thibodeaux, measuring 1 arpent more or less front by 40 arpents in depth, bounded above by lands of Mrs. Drauzin Orillon and below by lands of the estate of Henry Daigle.

That both of said tracts of land were bought and paid for by said Howard with the money which he had received from Jennie Hough, as aforesaid, and therefore belongs to the estate and heirs of said Jennie Hough. That James Howard, who has qualified as testamentary executor herein, and who resides in Lafourche parish, should be ruled to show cause before this court why the said property should not be inventoried as belonging to this succession, and why the said sum of $3,050.53, or the balance which remains thereof after deducting the amounts paid for the said two tracts of land, with legal interest thereon from the date received by said Howard, should not also be inventoried herein as belonging to this succession, for all which petitioners prayed further for all necessary orders to which they might be entitled in the premises, and all equitable and general relief.

On reading this petition, the district judge ordered that Howard, testamentary executor, show cause why the real estate described should not be inventoried as belonging to the succession of Jennie Hough, and why the sum of $3,050.53, alleged in the petition to have been received by him, should not be accounted for, and the balance thereof shown to be due to the succession, with legal interest from the date of this receipt thereof until paid, should not also be inventoried as belonging to the succession.

On July 25th the following agreement was entered into between the parties:

"By agreement of the parties litigant herein for the purpose of saving cost and legally placing before the court matters sought to be adjudged, it is agreed that the petition filed by the plaintiffs herein is to be put at issue the same as if defendant James Howard had been legally cited to answer as in a regular action, and this proceeding shall be and is agreed to be taken as an action in due form.

"First. To have the title to the lands described in plaintiff's petition decreed to be the property of the succession of Jennie Hough.

"Second. To determine whether the sum of $3,050.53, or any part thereof, was ever re-

ceived by defendant James Howard for account of Jennie Hough.

"Third. If it be decided that James Howard received the said sum of $3,050.53, or any part thereof, for account of Jennie Hough, whether he must account for the same as executor.

"Fourth. Whether the will of the late Jennie Hough had been probated, and, if not, whether the same must be probated, and the executor named therein qualified and ordered to account.

"That the defendant is at liberty to plead all exceptions of law, but not the jurisdiction of the court either because of residence, domicile, or matter at issue. That the defendant, after the plaintiffs have put in their evidence, shall have time to introduce his evidence and testimony to rebut the claim made against him and show the manner in which he acted for the deceased during her lifetime, and to show who got her money, if any she had. This is to be done out of court, if the witnesses can be had; if not, then in court so as to afford attendance to witnesses.

"Testimony of Simon Abraham to be taken by interrogatories in writing propounded to him, if he will come to Thibodeaux."

Howard answered admitting the death of Jennie Hough. He averred that plaintiffs went into possession of her estate at once after her death, and have since used it as their own. He denied that he ever received from the deceased the sum of $3,050.53. He alleged deceased spent large sums in buying property, building, and making presents; that all property bought by him was bought with his own money; that the inventory taken had been made as required by law and was full; and that he was advised to act as he did by counsel, for the purpose of putting the titles of the land owned by deceased of record. He claimed attorney's fees, as well as expenses of opening estate and expenses of last illness. There is a plea to the jurisdiction of the court, which was abandoned. There was a plea of prescription of one, two, three, five, and ten years. The judgment of the court was in favor of Howard rejecting the demands of the plaintiffs, and referring the matter of attorney's fees to be fixed on hearing of final account to be furnished by him as executor.

The plaintiffs in the suit (opponents) were,

at the time of the death of Jennie Hough, living with her on the property which was purchased for her by James Howard, and they have been living there ever since. They are the grandchildren and legal heirs of the deceased, as well as her universal legatees. There is nothing going to show debts due by the succession other than funeral expenses, which were paid at the time by Howard, who it appears had been reared by her. Jennie Hough was the widow of Anderson Taylor.

He had been a soldier in the service of the United States army during the Civil War. She claimed as his widow the pension to which he was entitled. The claim was recognized, and a warrant was issued to her payable at the subtreasury in New Orleans. The warrant was cashed by the Bank of Thibodeaux on the 5th or 6th day of December, 1892.

It is claimed by plaintiffs that this sum was received by James Howard from Jennie Hough to be invested by her shortly before her death; that he never returned it to her, nor to opponent, nor has he ever accounted for the same to any one; that the whole of the same, less the amount used by him for the purchase of the real estate occupied by her, belongs to the succession, and should be accounted for therein; that Howard used a portion of that money in the purchase of real estate in his own name; and that it belonged to the succession of Jennie Hough, and should be inventoried as property belonging to it.

The evidence shows that the amount called for by the warrant was paid by the officers of the bank, not to James Howard, but into the hands of Jennie Hough herself. The bank officers establish that fact, and plaintiffs allege themselves that the amount was received by Howard, not from the bank, but from Jennie Hough. The witness Garrison testified to the same effect. Plaintiffs aver

that it was turned over to Howard shortly before her death. She died in 1895, several years after the payment of the warrant by the bank. Plaintiffs carried the burden of proof to show that Howard received the whole of this fund, or a certain specific amount of it. Had they made that proof, it would have then devolved upon Howard to account for the sum so received by him. Plaintiffs have failed to show what particular amount he received, if, in fact, he received any part of it. We would be unable to find a basis on which to render a judgment for any specific amount, even had plaintiffs shown in an indefinite way that some part (not fixed) of the money had been turned over to him. Howard denies under oath that he ever received any part of the money for investment. He testified that, at the instance and request of Jennie Hough, he had purchased for her and in her name the property on which she was living at the time of her death; that he had, at her instance and request, caused to be built for her the small house which she occupied at that time; that he obtained from herself, as the same were needed, amounts required to meet the obligations incurred for those purposes; that he acted for her only to that extent, and for no other purpose. The testimony which the plaintiffs adduced in order to fix liability upon Howard was so general and indefinite and unsatisfactory that the trial judge could not have rendered a judgment other than the one he did, even had it been uncontradicted, which it was not. Appellants comment upon the fact that Howard did not cause the will to be probated, and himself confirmed as testamentary executor, until 1904; but we do not see that he gained anything by so doing. There was no particular reason for doing so. Plaintiffs were not only the universal legatees of the deceased, but they were her legal heirs. They were in possession of everything she left. According to their own account, they knew before Jennie Hough died that Howard had the funds in his hands which they now claim he has unwarrantably retained. They themselves remained inactive for nearly 10 years after Jennie Hough's death.

The failure of the plaintiffs to establish that any funds belonging to Jennie Hough, other than those which went to pay for the purchase in her name of the property on the Melrose plantation and the building of the house on that property, carried with it as a necessary consequence the failure of their assertion that the real estate purchased by Howard himself was purchased with a part of the funds placed in his hands by Jennie Hough.

We may say, incidentally, that, even had he used part of funds in his hands belonging to her for the purchase of real estate in his own name, that fact would not have carried the title of the property so purchased to Jennie Hough.

We think the judgment appealed from is correct, and it is hereby affirmed.